IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

SCOTT M. HOWE                                        PLAINTIFF
911 Franklin Street
Louisville, Kentucky 40206

                                    Case No. 3:17-cv-770-DJH
v.
                                    Judge David J. Hale

FIFTH THIRD BANK                                     DEFENDANTS
38 Fountain Square Plaza
Cincinnati, Ohio 45263

    SERVE:    James R. Hubbard, Registered Agent
                    38 Fountain Square Plaza MD#10AT76
                    Cincinnati, Ohio 45263
                    (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:    CSC-Lawyers Incorporating Service Co.
                    421 W. Main St.
                    Frankfort, KY 40601
                    (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

    SERVE:    The Prentice Hall Corporation System
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                       306 W. Main Street, Suite 512
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Scott M. Howe, by counsel, and for his Verified Complaint against the Defendants, Fifth Third Bank ("Fifth Third"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, negligent misrepresentation, and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Fifth Third's false reporting to Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") of an alleged delinquent debt; Fifth Third's failure to investigate Plaintiff's dispute of Fifth Third's false reporting and the Defendants' failure to correct their reporting regarding Fifth Third's tradeline on Plaintiff's Equifax, Trans Union and Experian credit reports.

### II. PARTIES

2. Plaintiff, Scott Howe, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 911 Franklin Street, Louisville, Kentucky 40206.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C.

2

§1681a(c).

4. Defendant, Fifth Third, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

5. Fifth Third is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Experian, is a corporation organized under the laws of the State of

California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

16. In or around April 2007, Plaintiff opened a credit card account with Fifth Third.

17. In or around May 2017, Plaintiff began seeking financing for a home purchase and accessed his Equifax, Trans Union and Experian credit reports.

18. In accessing his Equifax, Trans Union and Experian credit reports, Plaintiff discovered a false derogatory past due entry furnished by Fifth Third regarding the credit card account. Fifth Third's false derogatory entry indicated an alleged past due balance of $17.00 on the credit card account.

19. Immediately upon discovering the derogatory entry, Plaintiff contacted Fifth Third and spoke to a Fifth Third representative regarding Fifth Third's false derogatory. During the conversation with Plaintiff, the Fifth Third representative advised Plaintiff that Plaintiff was not delinquent on the account. The Fifth Third representative further assured Plaintiff that Fifth

Third would correct the error, credit Plaintiff's credit card account $17.00 and would correct its false credit reporting regarding Plaintiff's alleged past due status on the credit card account.

20. In June 2017, Plaintiff filed disputes with Equifax, Trans Union and Expeiran concerning Fifth Third's derogatory entry based Fifth Third's representation and assurance that Plaintiff was not delinquent on the credit card account and that Fifth Third would correct its false reporting regarding the account.

21. In late June 2017, Fifth Third, Equifax, Trans Union and Experian verified the alleged past due Fifth Third account.

22. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, the Defendants failed to remove the disputed item from Plaintiff's credit report and failed to investigate Plaintiff's dispute. The Defendants did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following receipt of Plaintiff's dispute.

23. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Fifth Third's false reporting of Plaintiff's alleged past due account. In addition, the Defendants' actions have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligence – Fifth Third

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

25. Fifth Third's false reporting to Equifax, Trans Union and Experian regarding the alleged past due account and its failure to investigate Plaintiff's dispute were negligent under

5

applicable law. In falsely reporting the alleged past due account and in failing to investigate Plaintiff's dispute, Fifth Third breached its duties to Plaintiff to reasonably investigate consumer disputes.

26. Fifth Third's false reporting to Equifax, Trans Union and Experian regarding the alleged past due account and its failure to investigate Plaintiff's dispute, has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Fifth Third's false reporting to Equifax, Trans Union and Experian regarding the alleged past due account and its failure to investigate Plaintiff's dispute were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

27. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Fifth Third's false report of Plaintiff's alleged past due Fifth Third account from Plaintiff's Equifax credit reports, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to investigate Plaintiff's disputes and in failing to remove and/or amend the Fifth Third tradeline, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights. Equifax's negligent failure to remove Fifth Third's alleged past due account from Plaintiff's Equifax credit reports has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

29. Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Fifth Third's tradeline on Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

30. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

31. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove and/or amend Fifth Third's tradelines on Plaintiff's Trans Union credit reports, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and in failing to remove and/or amend Fifth Third's tradeline, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

32. Trans Union's negligent failure to investigate Plaintiff's disputes and to remove and/or amend Fifth Third's tradeline on Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

33. Trans Union's failure to investigate Plaintiff's dispute and to remove and/or amend Fifth Third's tradelines on Plaintiff's Trans Union credit reports, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

34. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

35. Experian's failure to investigate Plaintiff's disputes and to remove and/or amend Fifth Third's tradeline on Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and to remove Fifth Third's tradeline from Plaintiff's Experian credit report, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

36. Experian's negligent failure to investigate Plaintiff's disputes and to remove and/or amend Fifth Third's tradelines on Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

37. Experian's failure to investigate Plaintiff's disputes and to remove and/or amend Fifth Third's tradeline on Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Fifth Third

38. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

39. Fifth Third, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's

Equifax, Trans Union and Experian credit reports, that Plaintiff has a past due account with Fifth Third. Fifth Third's statements were false and were made with conscious disregard for the rights of the Plaintiff.

40. Fifth Third's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Fifth Third account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

42. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Fifth Third, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Fifth Third. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

43. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

44. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

45. Trans Union, with knowledge of the falsity of its statements, has published and

continues to publish statements to others, including, but not limited to, Fifth Third, and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due account with Fifth Third. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

46. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Fifth Third account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

47. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

48. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Fifth Third and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due account with Fifth Third. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

49. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Fifth Third account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act- Fifth Third

50. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

51. Fifth Third's initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged past due Fifth Third account and its failure to investigate Plaintiff's dispute are violations of Fifth Third's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

52. Fifth Third's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Fifth Third is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

54. Equifax's failure to investigate Plaintiff's dispute and to remove and/or amend the disputed Fifth Third tradeline on Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

55. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

56. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

57. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

58. Trans Union's failure to investigate Plaintiff's dispute and to remove and/or amend the disputed Fifth Third tradeline on Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

59. Trans Union's failure to investigate Plaintiff's dispute, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's Trans Union credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

61. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

62. Experian's failure to investigate Plaintiff's dispute and to remove and/or amend the disputed Fifth Third tradeline on Plaintiff's Experian credit report despite Experian's knowledge of the falsity of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's

duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63. Experian's failure to investigate Plaintiff's dispute, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to amend and/or remove the disputed item from Plaintiff's Experian credit report within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Fifth Third**

65. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

66. Fifth Third's initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged past due Fifth Third account, despite Fifth Third's knowledge of the falsity of its reporting and its failure to investigate Plaintiff's dispute, are willful violations of Fifth Third's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

67. Given Fifth Third's knowledge of the falsity of its reporting, Fifth Third's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Fifth Third is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

68. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 71 as if fully set forth herein.

69. Equifax's failure to investigate Plaintiff's dispute and to remove and/or amend the Fifth Third tradeline on Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

71. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

72. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

73. Trans Union's failure to investigate Plaintiff's dispute and to remove and/or amend the Fifth Third tradeline on Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74. Trans Union's failure to investigate Plaintiff's dispute, to evaluate or consider any

of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

75. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

76. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

77. Experian's failure to investigate Plaintiff's dispute and to remove and/or amend the Fifth Third tradeline on Plaintiff's Experian credit report despite Experian's knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

79. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

Respectfully submitted,

/s/ David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Scott M. Howe, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Scott M. Howe

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Scott M. Howe this 20th day of December, 2017.

_____
Notary Public

Commission expires: 06-05-2021

BEN PARTRIDGE
Notary Public
Kentucky – State at Large
My Commission Expires Jun 5, 2021

17